PAUL MITCHELL v. THE STATE.

No. 16235.   Delivered October 11, 1933.
Rehearing Denied November 8, 1933.
Reported in 63 S. W. (2d) 1026.

The opinion states the case.

*Vickers & Campbell,* of Lubbock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for robbery; punishment, death.

Appellant pleaded guilty to robbery with firearms. His own testimony, as well as that of the state, shows his guilt. He went into a store in Lubbock, pointed a pistol at Tharp, assistant manager, who was in charge of said store, made him open the cash register, took therefrom money, and then shot Tharp, killing him. Appellant then ran from the store to a waiting car. He was later caught, and confessed, and,—as stated,—pleaded

guilty. On this trial he testified and claimed that as he was getting money from the cash register he saw a man in the back of the store make a move, which disconcerted him, and in his tense mental and physical condition the pistol was discharged without any intent on his part to kill Tharp. A confederate who was in the waiting car testified for the defense that appellant was much excited and disturbed when he got in the car, and later cried. The money taken in the robbery was divided between appellant and his two confederates.

There is but one bill of exception which complains, in solido, of the testimony of Mr. Stinson. Mr. Stinson said that he heard the shooting above referred to. We quote the testimony so objected to in this bill of exception:

"I went into the store (M System Store at 1712 Broadway) immediately after the shot. I rushed in the store and Bob Tharp, assistant manager of the store and in charge thereof at the time of the robbery was lying on the floor on his back and I ran to him and picked him up in my arms and the first word he said was 'Mr. Stinson, why did he shoot me, I done everything he told me to,' and he made that remark several times. I stayed with him until he was on the operating table."

Clearly this was part of the res gestae of the robbery. Stinson's place of business was near that of Tharp. Hearing the shooting he went immediately into where Tharp was lying. Using his language he said he "rushed in the store." Tharp lay on the floor on his back. Stinson picked him up. Tharp's first words were, "Why did he shoot me," etc. Every earmark of res gestae testimony appears in what is deemed objectionable and complained of in this bill. Facts or statements which are res gestae of a crime, are admissible notwithstanding same may evidence another crime. Wilkerson v. State, 31 Texas Crim. Rep., 89; Walling v. State, 55 Texas Crim. Rep., 258, and many authorities cited in section 85, of Mr. Branch's Annotated P. C.

In the forceable and appealing brief filed by appellant's counsel in this case it is cogently urged that that part of said testimony consisting of the statement of Tharp was calculated to arouse and inflame the minds of the jurors. It is easily possible that testimony as to the fact of a murder committed as part of the transaction constituting the crime for which trial is being had, might much affect the penalty assessed by the jury, but this would not make inadmissible the fact of the murder. We observe that when the witness was asked the question which elicited the testimony deemed objectionable, no specific or separate objection was made to the statement of Tharp as

detailed by Stinson. Nor was there any effort made to have said statement withdrawn from the jury's consideration after it was testified to in connection with the other things seen and observed by Mr. Stinson when he went at once into the store. It is thus plain that the statement of Mr. Stinson can not be by us considered separately, but must rest upon the same footing as the other matters contained in Mr. Stinson's testimony as set out in this bill of exception. We think the statement of Tharp to Stinson admissible as part of the res gestae, and have not intended to say the contrary of this.

We can not hold that the penalty is excessive. Appellant had been engaged in other crimes, as reflected by this record. The robbery was a bold one. The jury heard all the testimony and have assumed responsibility for a death penalty.

No error appearing, the judgment will be affirmed.

*Affirmed.*

#### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—We have considered appellant's motion for rehearing, and have reviewed the bills of exception discussed in our original opinion. There is no doubt in our minds that the evidence complained of comes squarely under the rule of res gestae, therefore we find no reason for altering the views heretofore expressed.

The motion for rehearing is overruled.

*Overruled.*